WILLIAM POWELL, Appellant, v. SAM BESKIN et al., Respondents. (Action No. 1.) MAE FEGAN, Appellant-Respondent, v. SAMUEL BESKIN et al., Respondents, and WILLIAM POWELL, Appellant. (Action No. 2.) — In two consolidated negligence actions to recover damages for injuries to person and property, the parties cross-appeal as follows from a judgment of the Supreme Court, Kings County, rendered February 18, 1959, after a jury trial, upon the jury's verdict of $60,000 in favor of plaintiff Fegan against defendant Powell in Action No. 2, and in favor of the Beskin defendants dismissing the complaint against them in each action: (1) Powell, as plaintiff in Action No. 1, appeals from so much of such judgment as dismisses his complaint in said action against the Beskin defendants. (2) Powell, as defendant in Action No. 2, appeals from so much of such judgment as is in favor of plaintiff Fegan in such action, for $60,221.50, against him. (3) Fegan, as plaintiff in Action No. 2, appeals from so much of such judgment as dismisses her complaint in said action against the Beskin defendants. Judgment reversed on the law and the facts and new trial granted as to all parties, with costs to abide the event. In our opinion, the verdict in favor of the Beskin defendants is against the weight of the credible evidence. The accident happened in the nighttime in a street intersection in Brooklyn. Powell was driving his taxicab northerly on Morgan Avenue; defendant Samuel Beskin was driving the car, owned by his wife, defendant Norma Beskin, westerly on Thames Street. Miss Fegan was a passenger in the taxicab. The area was well lighted, and both cars had their lights on. The vehicles collided in the intersection. The resulting extensive damage to a large part of the right side of the taxicab and to the entire front of the other vehicle, as shown by the photographic and other evidence, compels the conclusion that both vehicles were in motion and were not traveling at an inconsiderable rate of speed. Negligence on the part of defendant Samuel Beskin was indicated even on the basis of his own version of the facts. He testified that his view in the direction of the taxicab was partially blocked by parked vehicles; that because of such obstruction he did not see the taxicab until his own vehicle

was three or four feet past the easterly curb line of Morgan Avenue; that the taxicab was then 40 feet south of his car; that by applying the brakes he brought his vehicle to a stop (he said it stopped within about three feet further into the intersection); and that the taxicab struck his car at that point. If the accident had occurred in this manner, then, and in view particularly of the claimed blocked vision, Beskin should have had his vehicle under such control that he would have been able to stop it before it reached the area through which the taxicab was about to pass (cf. *Applebee* v. *State of New York*, 308 N. Y. 502, 507–508; *Powers* v. *Medina*, 1 A D 2d 727). We are also of opinion that several questions which counsel for the Beskin defendants put to Powell on his cross-examination were highly prejudicial, and that such error alone requires reversal and a new trial. Counsel, reading in part from a transcript of minutes of a 1948 Police Department hearing in connection with Powell's application for renewal of a hack driver's license (which transcript was not in evidence and could not properly have been put in evidence), asked Powell whether the presiding Deputy Police Commissioner had not commented: (1) that Powell had had 11 accidents, 8 since a then recent time; (2) that Powell should give up driving a cab before he killed somebody; and (3) that he should seek another type of employment. Objections to these questions were overruled, and motions for withdrawal of a juror and for a mistrial were denied. It may well be that these unwarranted references to the prior accidents and to the police official's disparaging remarks afford the explanation as to what influenced the jury to arrive at the verdict in favor of the Beskin defendants, namely: that the jury became impelled to center their reprobation upon Powell and thereby they overlooked the evidence which inculpated those defendants. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.